GEORGE P. CLARK CO. v. KUEBLER FOUNDRIES, Inc.

(Circuit Court of Appeals, Third Circuit. December 11, 1922.)

No. 2821.

1. Sales ☞182(1)—Anticipatory breach held jury question under the evidence.
    Where the buyer claimed an anticipatory breach by the seller's refusal to perform the contract, but the seller denied that he refused to perform, claiming that he only stated the hardships which performance would impose on him, the question whether there was an anticipatory breach was a question for the jury under proper instructions, and not one which the court itself should have determined.

2. Appeal and error ☞1052(7), 1068(4)—Errors in admission of evidence and instructions affecting plaintiff's damages immaterial, where jury found for defendant.
    Where the jury, on sufficient evidence and after proper instructions, found for defendant on the issue of anticipatory breach of the contract, errors in the admission of evidence affecting the measure of plaintiff's damages and in instructions on that issue were immaterial.

In Error to the District Court of the United States for the Eastern District of Pennsylvania; Oliver B. Dickinson, Judge.

Action at law by the George P. Clark Company against Kuebler Foundries, Incorporated. Judgment for defendant, and plaintiff brings error. Affirmed.

Calvin F. Smith, of Easton, Pa., H. E. Allen, of Springfield, Mass., and Smith, Paff & Laub, of Easton, Pa., for plaintiff in error.

F. W. Edgar, of Easton, Pa., for defendant in error.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below, the plaintiff, a corporation of Connecticut, sued the defendant, a corporation of Pennsylvania, to recover damages for alleged breach by defendant of contract to furnish castings. The latter denied breach by it, alleged the contract had been broken by the plaintiff, and under the Pennsylvania practice claimed to have a certificate awarded in its favor against

the plaintiff. After a protracted trial and proofs at great length, the case was finally submitted to the jury on the issues above referred to, viz.: First, that the defendant had breached the contract and the plaintiff was therefore entitled to consequent damages, which issue of breach the jury found against the plaintiff's contention; and, second, that the plaintiff had breached the contract, and the defendant was therefore entitled to consequent damages and a certificate for an admitted amount. By its verdict the jury determined the defendant had not, but the plaintiff had breached, and it certified the conceded balance in favor of the defendant and against the plaintiff. On entry of judgment thereon in favor of defendant, the plaintiff sued out this writ.

[1] The basic question in the case for the plaintiff to establish was the alleged anticipatory breach of the contract by the defendant. This was a question of fact, which the plaintiff says the court should have itself determined. But that it was one, not for the court, but for the jury to decide, is made clear by the character of the proofs which the court referred to in its charge when it said:

"You have another right. You can say: 'All right; you are not going to perform this contract. That means this contract ends now, and, although the time of the fulfillment has not yet arrived, I will accept your statement that you do not intend to do it as the equivalent of a final refusal to do it. If you mean that, I will accept that.' That is what lawyers call a breach by anticipation, a breach before the time when an actual breach could occur. That is the position which the plaintiff in this case assumes. You get that perfectly clear in your mind. That is the position that they take. They declared the breach of the contract months before the time of final delivery. They say: 'We were justified in doing it, because the defendant told us that he would not live up to this contract.' The defendant in effect says: 'I did not say any such thing. I never said I would not do it. I never refused to do it. All I did was to bring before these people the hardship that it would be to me if I did do it, but I never refused to do it.' There is a crucial fact concerning the plaintiff, and they cannot recover in this case, unless you find as a fact that refusal to do the work. I think I have made that clear. If you find that fact in favor of the defendant, that is the end of the plaintiff's case."

[2] This fact of breach the jury found with the defendant, and, as rightfully stated by the court in its instructions, that ended the plaintiff's case. It follows, therefore, that the question of the nature and quantum of damages suffered by the plaintiff by reason of this alleged anticipatory breach, and whether the court gave the jury correct instructions in that regard, become wholly academic, for all applications of such instructions became needless when the jury found the defendant had not breached. So, also, the several assignments of error which involve refusals of the court to admit certain testimony affecting the measure of the plaintiff's damage on the defendant's breach, and admitting other testimony, become likewise unimportant and academic, in view of the fact of the jury's finding that the defendant did not breach the contract, as plaintiff contended, determined the case, and consequently the duty and province of the jury to consider and determine the quantum of the plaintiff's alleged damages.

Without, therefore, discussing the remaining assignments of error, in none of which have we found anything involving error justifying a reversal of this verdict, we confine ourselves to saying we think the case was properly submitted to the jury on the underlying and con-

trolling question of breach, and that, if the plaintiff failed to recover, that result was not brought about by any error of the trial court, but in its own inability to convince the jury that the defendant had breached the contract.

The judgment below is therefore affirmed.